633 So.2d 14 (1994)
In re REPORT OF the COMMISSION ON FAMILY COURTS.
No. 77623.
Supreme Court of Florida.
March 10, 1994.
*16 Martin L. Haines, III, Lake Park, Burton Young, Miami Beach, and Nancy Palmer, Maitland, on behalf of The Family Law Section of The Florida Bar, for petitioner.
BARKETT, Chief Justice.
This matter is before the Court to further refine and implement the family court divisions of the circuit courts initially established by our opinion, In re Report of the Commission on Family Courts, 588 So.2d 586 (Fla. 1991). In that opinion we considered the recommendations of the 1991 Report of the Commission on Family Courts.[1] We held that "each judicial circuit should develop a local rule establishing a family division in its circuit or a means to coordinate family law matters that affect one family if the circuit or part of the circuit is of such a limited size that it is unable to administratively justify such a division." 588 So.2d at 591.
Several judicial circuits sought an extension of time to prepare their local rules and to make such plans as were necessary to effectively implement the unified family court concept. The Court granted an extension of time. A local rule or administrative order was submitted to this Court by each judicial circuit by mid-1992.
Those local rules and administrative orders suggested that the Court needed to further clarify its intent and expectations regarding the family court concept. Accordingly, the Chief Justice convened a Family Court Workshop in April of 1993, which was attended by a delegation from each judicial circuit. The circuit teams included the chief judge, judges handling dissolution of marriage cases and attendant matters, judges handling juvenile dependency and delinquency, trial court administrators, and selected court support staff. This Court withheld final action on the local rules and administrative orders pending completion of the workshop and submission *17 of implementation plans and budget requests by the twenty judicial circuits. This Court also provided additional direction to the chief judges at meetings in October and December of 1993.
The local rules and administrative orders, individual circuit plans and budget requests, and discussions with chief judges made clear that local circumstances such as geography, the number of judges, the location and capacity of court facilities, and limitations of court staff and other resources, must be considered in developing each circuit's response to children and families involved in litigation. The goal of creating a fully integrated, comprehensive approach to handling all cases involving children and families, thus, must be addressed by a combination of local rules, local administrative orders, internal organizational structure, operating procedures, automation, and staffing. The intent is to establish a comprehensive approach coordinating all judicial efforts in cases affecting the same family, regardless of the sometimes necessary geographical separation of courthouse facilities or the manner in which dockets for different types of cases are structured and managed.
To better accomplish this goal, a family's interaction with the courts in all circuits shall be administratively coordinated and monitored in one unified family division, whether that interaction involves dissolutions of marriage (and attendant determinations of custody, visitation, child support, alimony, and modifications thereof), cases under the Uniform Child Custody Jurisdiction Act and the Uniform Reciprocal Enforcement of Support Act, adoption and paternity, domestic and repeat violence, juvenile delinquency and dependency, termination of parental rights, or cases of children or families in need of supervision. The manner of administering this family division will, of course, differ between circuits where all matters involving one family are handled by one judge and circuits where several judges in different subdivisions of the family court may handle different aspects of a family's litigation.[2]
The trial courts must likewise coordinate and maximize court resources, such as guardians ad [item, mediation, law clerks, and computer systems, for the benefit of children and families in litigation and establish necessary linkages with community-based resources, including substance abuse treatment counseling, specialized training and parenting courses, and social services.
There are two essential elements that must be put in place in each circuit if the foregoing goals are to be fulfilled. First, each circuit must be staffed to screen, evaluate, and manage the above described cases through the justice system to a satisfactory conclusion. A case management staff must be available to help and direct families at the point of initial contact with the judicial system to the appropriate judge, and/or to the appropriate judicial or community-based services.
Second, in each circuit there must be a specific person who will be directly responsible for overseeing, coordinating, and guiding the development of each court's comprehensive response to children and families in litigation, no matter what type of case has been filed. Thus, an administrative judge must be appointed in each circuit to be directly responsible for administratively managing the family division. This administrative judge of the family division will, of course, be responsible to the chief judge in the same manner as the administrative judge of the civil or criminal division of the court. However, the administrative judge of the family division will also be responsible for:
1. Coordinating the circuit's development of the overall plan for implementation of the family court concept;
2. Developing proposed policy, operating procedures, and administrative orders for implementation of the circuit's plan;
*18 3. Monitoring and reporting progress toward implementation;
4. Coordinating the development of resources that may be required by various courts dealing with family matters, and assessing the possible integration of cases regarding involuntary commitments for drug and alcohol dependency or mental health, and, as appropriate, guardianships;[3]
5. Developing and facilitating communications with court-related entities on policy with respect to family cases, e.g., state attorneys, public defenders, Health and Rehabilitative Services, community social services entities, clerks of court, etc.; and
6. Developing a means of orienting judges newly assigned to matters affecting children and families to the family court concept for integrating the court's response to cases involving the same family, including directing them to appropriate initial and continuing judicial education offerings and reference materials.
We recognize that developing a comprehensive, effective response for families in litigation in each circuit will take some time. To reduce the administrative burden of developing and pursuing plans to implement this policy, the courts need to assign administrative staff to assist the family court services coordinating judges in fulfilling their responsibilities.
We also recognize that few trial courts have been provided sufficient staff[4] and other resources to screen, monitor, and assist the courts to manage these cases, even though such resources are essential to identify the multiple needs of children and families in the court system and ensure that the court response is timely, appropriate, efficient, and effective. The fact is that children and families in the courts cannot adequately be served within the existing resources.
For the foregoing reasons, this Court is supporting a legislative initiative by which an initial core of qualified staff can be provided to each of the twenty judicial circuits. We are hopeful that the 1994 Legislature will pass the necessary legislation and make appropriations to support this family court initiative.
While we expect each court to continue efforts to develop a more holistic response to children and families in litigation, it may be some time before all necessary resources for effective family court operations are in place. Accordingly, we hereby provisionally approve the local rules and administrative orders submitted by the respective circuits pursuant to In re Report of the Commission on Family Courts. We are provisionally approving the plans to give the family court administrative judges, who shall be appointed in each circuit by the chief judge within thirty days of the date this opinion is filed, the opportunity to once again review and revise the plans in accordance with this opinion, in the context of local requirements. We direct the trial courts to fully implement such local rules and administrative orders and take such steps as have been articulated in their local plans and required herein, within available resources, in furtherance of the goals we have outlined for Florida's family court initiative. Any deviations from or amendments to local rules or administrative orders provisionally approved must be submitted to this Court for approval. We also direct that each circuit submit to the Chief Justice an annual report on progress toward total implementation of the family court initiative. The first report shall be due on December 1, 1994, along with any proposed revisions to the local rules and administrative orders provisionally approved today.
Finally, this Court directs that a Family Court Steering Committee, appointed by the Chief Justice, shall be established to provide support and assistance to the Supreme Court, as well as the individual circuits, on the development and full implementation of the family court concept in Florida. Responsibilities *19 of the Family Court Steering Committee shall include:
1. Advising the Court with respect to the response of the various judicial circuits to families in litigation;
2. Identifying obstacles and problems encountered by the trial courts that prevent an effective coordinated response to such cases, and proposing solutions to address such problems;
3. Developing a consensus recommendation on the characteristics of a model family court including organization, policy, procedures, staffing, resources, and linkages to the community;
4. Developing and disseminating guidelines for implementing the model;
5. Serving as a clearinghouse for information on programmatic innovations developed in different circuits;
6. Recommending, for consideration by the Chief Justice and/or the Supreme Court, changes in administrative policy, rules, statutes, or training programs, that would advance the goals outlined herein;
7. Recommending strategies for improving communications between the courts and the Bar, State Attorneys, Public Defenders, state and local human service providers, and other entities with whom the courts must relate on family cases;
8. Making recommendations on how courts can best respond to increased numbers of pro se litigants appearing in family matters; and
9. Making specific recommendations on funding requirements, priorities, and options.
Staff for the committee shall be provided by the Office of the State Courts Administrator.
As we said in In re Report of the Commission on Family Courts, "the creation of a family division will not be a panacea for all family law problems." 588 So.2d at 591. However, "[t]o leave it to each local government to fund the necessary services for a family division is a prescription for inequality in the family services available to the citizens of this state and possible failure of the family law divisions." Id. We reiterate our belief "that the creation of family divisions will provide a better means for resolution of family issues in this state, and we ask the judiciary and the legal profession to cooperate in implementing these divisions where they presently do not exist." Id. at 592.
It is so ordered.
OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] The commission was established pursuant to Chapter 90-273, Laws of Florida. This Court's jurisdiction was stated in our prior decision, 588 So.2d at 590.
[2] Although it would be preferable to have one judge decide all matters pertaining to the same family, we recognize it may not yet be feasible. However, in all instances, all judges handling some aspects of a family's litigation and not others must be made aware of all pending matters in the courts that involve all family members.
[3] E.g., guardian ad [item, mediation services, drug referral and treatment, home studies, etc.
[4] Such staff should include trained professionals such as attorneys, social workers, or other experts who are familiar with court organization, operations and procedure, as well as court and community-based resources that can assist judges in making the best possible decisions in individual cases and providing needed social, medical, or other services to children and families.