# Supreme Court of Florida

_____

No. SC12-2007
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION.**

_____

No. SC12-2030
_____

**IN RE:  AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE.**

[January 16, 2014]

PER CURIAM.

We have for consideration two separate petitions to amend the Florida Rules of Court, filed by the Florida Supreme Court's Steering Committee on Families and Children in the Court (Steering Committee).[1]  In the first petition, case number SC12-2007, the Steering Committee proposes amendments to Florida Rule of Judicial Administration 2.545(d) (Case Management; Related Cases).  In the

---

1.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

second petition, case number SC12-2030, the Steering Committee proposes five new Florida Family Law Rules of Procedure. The Steering Committee's proposals in these petitions advance the important goal of effectively implementing the unified family court model to ensure that all parties, attorneys, and judges in a family case receive proper notice of other related family cases. These proposals also outline new procedures for assigning related family cases to a single judge unless impractical and for coordinating related family cases assigned to different judges.

In adopting the Steering Committee's proposals, we continue to express our strong support for the general guiding principles and characteristics of the model family court espoused in In re Report of the Commission on Family Courts (Family Courts I), 588 So. 2d 586 (Fla. 1991); In re Report of the Commission on Family Courts (Family Courts II), 633 So. 2d 14 (Fla. 1994); In re Report of the Commission on Family Courts (Family Courts III), 646 So. 2d 178 (Fla. 1994); and In re Report of the Family Court Steering Committee (Family Courts IV), 794 So. 2d 518 (Fla. 2001). As we stated when the Court unanimously endorsed the recommendations of the Steering Committee in Family Courts IV:

> Having reviewed the Committee's recommendations, we strongly endorse the guiding principles and characteristics of the model family court developed therein and we reaffirm our commitment to the principles we espoused in In re Report of Commission on Family Courts, 588 So. 2d 586, 587 (Fla. 1991) (Family Courts I) and Family Courts II. In so doing, our goal

> continues to be the creation of "a fully integrated, comprehensive approach to handling all cases involving children and families," Family Courts II, 633 So. 2d at 17, while at the same time resolving family disputes in a fair, timely, efficient, and cost-effective manner. We also stress the importance of embracing methods of resolving disputes that do not cause additional emotional harm to the children and families who are required to interact with the judicial system.

794 So. 2d at 519-20. With the Steering Committee's assistance, the amendments adopted by the Court here address remaining impediments to the effective implementation of the unified family court model and further this Court's goal of ensuring that cases involving families and children are managed in an efficient manner that serves the best interests of the parties.

## BACKGROUND

The Steering Committee's petitions represent years of work to implement the unified family court model and to overcome impediments to its operation. Beginning in 1994, this Court established the Steering Committee to support and assist the Court in developing and fully implementing the family court concept in Florida, and we directed the Steering Committee to, among other things, develop recommendations on the characteristics of a model family court, including organization, policy, procedures, staffing, resources, and linkages to the community to assist children and families involved in litigation. See Family Courts II, 633 So. 2d at 18-19. The Court considered the Steering Committee's recommendations in Family Courts IV.

- 3 -

As is relevant here, the Steering Committee recommended that the Court adopt a rule of judicial administration to require judges assigned to different cases involving the same family to confer, as well as to coordinate pending litigation to maximize judicial efforts, prevent inconsistent court orders, and avoid multiple court appearances by the parties on the same issues. Family Courts IV, 794 So. 2d at 526. Because the Steering Committee did not submit a specific rule proposal, the Court referred the matter back to the Steering Committee to develop appropriate standards. Id. As the Court stated at that time:

> Coordination of cases is critical. Indeed, in 1991, the Commission on Family Courts noted that there is "no justification to have situations such as have been presented to the commission which indicate that families were required to appear before one judge in a dissolution proceeding that included determination of custody of the children and at the same time to have a hearing before another judge concerning the juvenile dependency of one of the children including the determination of the custody of that child." Family Courts I, 588 So. 2d at 588.
>
> Because a specific rule has not been submitted, we refer this important matter back to the Family Court Steering Committee for the development of appropriate standards to be followed when there are multiple court appearances in different cases by the parties on the same issue. Some specific aspects the Committee should consider are whether there should be notice to the parties when cross-over cases are identified before consolidation or coordination occurs and whether the confidentiality requirements in chapter 39 (regarding dependency cases) will restrict the ability of the court to coordinate these cases. <u>Of course, if all cases involving the same family are identified and assigned to a single judge, many of these problems of coordination and confidentiality will be eliminated.</u> As the Committee's commentary observes:
>
> > Automatic transfer avoids any complaint about ex parte communication between the judges. See Chaddick

> v. Monopoli, 714 So. 2d 1007 (Fla. 1998) (judges must allow parties to be present during conference on interstate jurisdiction). It also avoids any dispute over the chief judges' authority to resolve these issues. Because of the broad jurisdiction of our circuit courts, which includes jurisdiction over all of the types of cases listed above, coordination of cases, and more particularly assignment to one circuit court judge, can be accomplished—provided that the technology and necessary staff is in place to identify the related cases.

Id. (emphasis added).

Consistent with our direction in Family Courts IV, the Steering Committee developed standards to handle related family cases, and in 2005 the Court adopted amendments to Florida Rule of Judicial Administration 2.085 (Time Standards for Trial and Appellate Courts), creating a new subdivision (d) (Related Cases). This new subdivision set forth a procedure for the petitioner in a family case to file a Notice of Related Cases if such cases are known or reasonably ascertainable. See In re Amends. to Fla. Rules of Jud. Admin. (Two-Year Cycle), 915 So. 2d 157, 160 (Fla. 2005). Rule 2.085 was later renamed and renumbered as Florida Rule of Judicial Administration 2.545 (Case Management). See In re Amends. to Fla. Rules of Jud. Admin.—Reorganization of the Rules, 939 So. 2d 966, 967 (Fla. 2006).

When the Steering Committee was reauthorized for a subsequent two-year term in 2006, the Committee was charged with, among other requests, examining existing court rules that impact the implementation of the unified family court

- 5 -

model.  The Steering Committee was also asked to develop and recommend additional rules, suggest the repeal of rules, and propose amendments to existing rules as may be needed to enhance the implementation of the unified family court model.  See In re Steering Comm. on Families & Children in the Court, Fla. Admin. Order No. AOSC06-30 (August 30, 2006).

Ultimately, in its 2006-2008 End of Term Report, the Steering Committee identified nine impediments to the successful implementation of the unified family court model.  As is relevant here, Impediment 3 pertained to Rule of Judicial Administration 2.545(d) and the Notice of Related Cases.  The Steering Committee recommended in Impediment 3 that "in order to develop the most effective and efficient notice rule, the broader operational issues involved in handling related cases should first be further studied."  Fla. Supreme Court's Steering Comm. on Families & Children in the Court, Report of the 2006-2008 Families & Children in the Court Steering Comm., at 52 (2008).

Over the next two years, the Steering Committee was charged with prioritizing, studying, and recommending resolutions to the nine impediments it had identified, including Impediment 3.  See In re Steering Comm. on Families & Children in the Court, Fla. Admin. Order No. AOSC08-97 (Dec. 22, 2008).  In 2010, the Committee was specifically directed to:

> Examine rule 2.545(d), Florida Rules of Judicial Administration, which requires the petitioner in a family case to file with the court a

notice of related cases, and propose amendments that ensure all of the necessary parties and attorneys receive proper notification and that also prevent problems with regard to notice, case coordination, scope of representation, and efficiency that were identified during the 2006-2008 term of the Steering Committee (Impediment 3).

See In re Steering Comm. on Families & Children in the Court, Fla. Admin. Order No. AOSC10-50 (Sept. 10, 2010).  In June 2012, the Steering Committee submitted its 2010-2012 End of Term Report.  Regarding its charge to examine and recommend resolutions to Impediment 3, the report indicated that the Steering Committee would file two petitions, one proposing amendments to the Florida Family Law Rules of Procedure and one seeking to amend the Florida Rules of Judicial Administration.

In September 2012, the Steering Committee filed the petitions currently before the Court.  As noted, in case number SC12-2007, the Steering Committee proposes amendments to Florida Rule of Judicial Administration 2.545(d) (Case Management; Related Cases).  In case number SC12-2030, the Steering Committee proposes five new Florida Family Law Rules of Procedure: 12.003 (Coordination of Related Family Cases and Hearings); 12.004 (Judicial Access and Review of Related Family Files); 12.006 (Filing Copies of Orders in Related Family Cases); 12.007 (Access and Review of Related Family Files by Parties); and 12.271 (Confidentiality of Related Family Hearings).

The Court published both sets of proposals in <u>The Florida Bar News</u> for comment. No comments were filed in case number SC12-2007. The Court received two comments in case number SC12-2030, one from the Family Law Rules and Forms Committee of the Family Law Section of The Florida Bar (the Family Law Section), and one from the Family Law Rules Committee. The Steering Committee filed a response to the comments, with a revised proposal to amend Rule of Judicial Administration 2.545(d), as well as revisions to its proposed new Family Law Rules of Procedure. Because the comments and response in case number SC12-2030 impacted the Steering Committee's petition to amend Rule of Judicial Administration 2.545(d) in case number SC12-2007, we consolidated the cases and held oral argument.

We note that there were no comments filed in opposition to the concepts embodied in the petitions, which aim to ensure that the goals of the unified family court are not impeded by existing procedural rules. The recommended revisions and alternate proposals submitted by the Family Law Section and the Family Law Rules Committee simply suggested alternate ways to accomplish the same goals.

The Family Law Rules Committee favored placement of the proposed new Family Law rules within the Rules of Judicial Administration and also proposed a more formal conference procedure, modeled after the procedures followed when judges from different states confer under the Uniform Child Custody Jurisdiction

and Enforcement Act (UCCJEA), so that the parties are ensured that they can meaningfully participate when judges are conferring with each other. The Chair of the Family Law Rules Committee also reported concerns in ensuring that conflicting orders are not entered when different judges are handling different aspects of cases involving the same family. Preventing conflicting orders is one of the critical goals of the unified family court, and circuits where this problem still occurs should re-examine their existing practices.

As for the Family Law Section, the Section not only favored the adoption of procedural rules that would remove impediments to the effective implementation of the unified family court model, but also suggested that all cases involving the same family should be assigned to one judge. As stated during oral argument, the "Section absolutely embraces the concept of family court, the one family/one judge model."

We are pleased to receive this unanimous endorsement of the Court's adoption of the principles underlying the unified family court in Florida, which represents a critical commitment to ensuring that the court system manages its cases in a manner that will best resolve the issues facing families and children who come before the courts. As one member of the Steering Committee sagely stated, "families do not think of their problems in terms of divisions of the court." For a family who has to appear before different judges at different times for related

issues, this type of fragmented approach does not best serve the interests of the family or the children.

With these considerations in mind, and with deference to the expertise of the Steering Committee, we have determined to adopt the Steering Committee's proposals with some modifications, as addressed below.

## AMENDMENTS

### Rule of Judicial Administration 2.545 (Case Management)

Initially, subdivision (d)(1) of Florida Rule of Judicial Administration 2.545 is amended to clarify that the term "family case" is defined in the rule (in subdivision (d)(2)), and to add a cross-reference to the relevant Family Law Form, Form 12.900(h) (Notice of Related Cases). Additionally, subdivision (d)(2) of rule 2.545 is amended to add a "stalking" injunction to the definition of a family case.

The crux of the changes is contained in subdivision (d)(4) of rule 2.545. As amended, the rule provides that the Notice of Related Cases shall be filed in each open and pending related case, and served on all parties in each of the related cases and as may be directed by the chief judge. This change is consistent with the Steering Committee's charge—to ensure that all of the necessary parties, attorneys, and judges involved in a family case receive proper notification of related family cases. Language is also added in subdivision (d)(4) of rule 2.545, allowing parties to file joint Notices of Related Cases; clarifying that a Notice of Related Cases

- 10 -

filed pursuant to the rule is not an appearance; providing that if any related case is confidential and exempt from public access by law, then a Notice of Confidential Information Within Court Filing must accompany the notice, pursuant to Florida Rule of Judicial Administration 2.420; and directing parties to file supplemental Notices of Related Cases as such cases become known or reasonably ascertainable.

We also delete existing subdivision (d)(7), because the language in this provision is now included in subdivision (d)(4) of rule 2.545.

### Florida Family Law Rules of Procedure

As noted, the Steering Committee's proposal in case number SC12-2030 included five new Family Law Rules of Procedure. Both the Family Law Section and the Family Law Rules Committee provided comments on the proposed new rules. While the comments of both the Family Law Section and the Family Law Rules Committee contained several suggestions to amend or revise the Steering Committee's proposals, there was no opposition to the unified family court model.

One of the comments from the Family Law Rules Committee suggested that the substance of the Steering Committee's proposals would be better placed in Rule of Judicial Administration 2.545. While the Court considered the Family Law Rules Committee's suggestion, ultimately we defer to the Steering Committee and have adopted its proposals with some minor modifications. We address each of the new rules in turn.

- 11 -

The first new Florida Family Law Rule of Procedure we adopt is rule 12.003 (Coordination of Related Family Cases and Hearings). Subdivision (a) (Assignment to One Judge) of this important new rule provides that all related family cases must be handled before one judge unless impractical. This rule is consistent with the Court's 2001 opinion in <u>Family Courts IV</u>, which encourages this practice.

The Family Law Section and the Family Law Rules Committee both raised concerns that the language "unless impractical" is vague and may be subject to different interpretations in different courts. The Family Law Section favored a mandatory requirement to have related family cases heard before a single judge, except in narrowly defined categories such as when the cases are in different circuits. The Family Law Section was especially concerned that the "unless impractical" language "will allow for a lot of arguments that were not the intent of the rule."

The Steering Committee agrees that one judge should be the model, but recognizes the need for flexibility. We defer to the views of the Steering Committee, whose members are uniformly committed to the one judge/one family model, that there must be some flexibility to manage related family cases under limited circumstances. If the Steering Committee, in monitoring the actual practices, discerns that the "unless impractical" language is being used when there

is no valid reason for one judge not to handle all related family cases, then the Court will consider a revised proposal in the future.

We fully agree with the Family Law Section that having one judge handle all related family cases is the goal and should be the model for the circuits to follow. Through effective case management, this goal should be realized in the overwhelming majority of cases. To the extent that one judge is not handling all related family cases, we urge each circuit to examine its practices to determine why this is currently occurring.

In tandem with the subdivision regarding the one judge/one family model, new rule 12.003 also codifies the procedures to be followed if it is "impractical" for one judge to handle all related family cases. Subdivision (a)(2) of rule 12.003 provides that the judges assigned to hear each related family case or cases may confer with each other for the purposes of case management and coordination. This is another important rule that will ensure that case management and coordination are conducted in a more formal manner between the judges.

We have, however, revised the Steering Committee's proposal to incorporate language proposed by the Family Law Rules Committee, allowing the court or the party who filed the Notice of Related Cases to coordinate a case management conference to: (1) consolidate as many issues as is practical to be heard by one judge; (2) coordinate the progress of remaining issues in order to facilitate the

resolution of pending actions and avoid inconsistent rulings; (3) determine the attendance and participation of minor children in the proceedings; and (4) determine the access of the parties to court records if a related case is confidential pursuant to Rule of Judicial Administration 2.420.

Together with the other new provisions for a more uniform way of handling related cases, new rule 12.003, subdivision (b) (Joint Hearings or Trials), allows the court to order joint hearings or trials of any issues in related family cases. If any such joint or coordinated hearings are ordered, the moving party, the court, or any other party ordered by the court shall provide notice to all parties and to all attorneys of record in each related case.

The second new Family Law Rule of Procedure we adopt addresses judicial access and review of related family case files. Because one of the impediments to a successful unified family court has been the question of accessing related files, new Family Law Rule of Procedure 12.004 (Judicial Access and Review of Related Family Files), subdivision (a) (In General), authorizes a judge hearing a family case to access and review the files of any related case, whether pending or closed. Authorized court staff is also permitted to access and review related family case files. The Steering Committee indicates that this rule will complement a judge's ability to coordinate related family cases.

Additionally, subdivision (b) of rule 12.004 (Family Case Defined) defines a related family case as another pending or closed family case, as that term is defined in Rule of Judicial Administration 2.545(d); subdivision (c) of rule 12.004 (Nondisclosure of Confidential Information) precludes judges or authorized court personnel from disclosing confidential information and documents in related family case files except in accordance with applicable state and federal confidentiality laws; and subdivision (d) of rule 12.004 (Notice by Court Staff) provides that authorized court staff may advise the court of related legal proceedings, the legal issues involved, and administrative information about such cases.

The third new Family Law Rule of Procedure we adopt codifies procedures already existing but not uniform. New rule 12.006 (Filing Copies of Orders in Related Family Cases) provides that the court may file copies of court orders in related family cases involving the same parties. This rule will help to ensure that the files in each of the related family cases contain copies of relevant and appropriate orders, which will reduce the possibility that judges will enter conflicting orders in the related cases.

The fourth new rule addresses another identified impediment to the effective implementation of the unified family court model, which is the fact that records might be confidential in one family case but not in a related family case. Although

many judges have adopted procedures to handle these issues, the Steering Committee determined that it would be preferable to codify the procedures in a rule. New Family Law Rule of Procedure 12.007 (Access and Review of Related Family Files by Parties) therefore addresses confidential files in related family cases.

We have revised the Steering Committee's proposal in subdivision (a) of rule 12.007 (In General) to provide that access to confidential files in related cases shall not be granted except as authorized by Florida Rule of Judicial Administration 2.420. We have also revised subdivision (b) of rule 12.007 (Confidentiality of Address) to clarify that, when a petitioner for a domestic violence injunction requests that his or her address be kept confidential, this information is exempt from the public records provisions of section 119.07(1), Florida Statutes, and article I, section 24(a), of the Florida Constitution, and is a confidential court record pursuant to Rule of Judicial Administration 2.420(d). Subdivision (c) of rule 12.007 (Disclosure Prohibited) provides that disclosure by parties of confidential information and documents in related family case files is prohibited, except in accordance with state and federal confidentiality statutes.

Finally, new Family Law Rule of Procedure 12.271 (Confidentiality of Related Family Hearings) pertains to confidentiality of joint or coordinated hearings in related family cases. Subdivision (a) of rule 12.271 (Confidentiality of

Coordinated or Joint Hearings) requires that, when related family cases are coordinated or joint hearings ordered, the hearings or proceedings involving more than one related family case are subject to the applicable state and federal confidentiality statutes pertaining to each case as if it were heard separately. Additionally, subdivision (b) of rule 12.271 (No Waiver) provides that the confidentiality of a case or issue is not waived by coordination or joint hearings.

## CONCLUSION

We thank the Steering Committee for its continued diligent work in developing and improving the unified family court model. Through the proposed rule amendments, the Steering Committee has assisted the Court in furthering its ultimate goal to create a fully integrated, comprehensive approach to handling all cases involving families and children. We also wish to thank the Family Law Section and the Family Law Rules Committee for their support of the unified family court model and for helpful input and suggestions regarding the proposed rule amendments.

Accordingly, we amend the Florida Rules of Judicial Administration and the Florida Family Law Rules of Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective on April 1, 2014.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.


THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Judicial Administration and Florida Family Law Rules of Procedure

Nikki Ann Clark, Vice-Chair, Steering Committee on Families and Children in the Court, Tallahassee, Florida

      for Petitioner

Jon Berkley Morgan, Chair, Rules of Judicial Administration Committee, Kissimmee, Florida; Alexandra V. Rieman, Past Chair, Rules of Judicial Administration Committee, Fort Lauderdale, Florida; Mary Lou Miller Wagstaff, Chair, Family Law Rules Committee, Largo, Florida; Lori Caldwell-Carr, Past Chair, Family Law Rules Committee, Maitland, Florida; Matthew B. Capstraw, Past Chair, Family Law Rules Committee, Longwood, Florida; John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida; Ellen J. Sloyer, Rules Liaison, Family Law Rules Committee, The Florida Bar, Tallahassee, Florida; Jodi Jennings, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida; Carin M. Porras, Chair, Family Law Section, The Florida Bar, Ft. Lauderdale, Florida; and Reuben A. Doupé of Klaus Doupé, Naples, Florida,

      Responding with comments

**FLORIDA RULES OF JUDICIAL ADMINISTRATION**

**RULE 2.545      CASE MANAGEMENT**

**(a) – (c)      No Change**

**(d)      Related Cases.**

(1)      The petitioner in a family case as defined in this rule shall file with the court a notice of related cases in conformity with family law form 12.900(h), if related cases are known or reasonably ascertainable.  A case is related when:

(A)      it involves any of the same parties, children, or issues and it is pending at the time the party files a family case; or

(B)      it affects the court's jurisdiction to proceed; or

(C)      an order in the related case may conflict with an order on the same issues in the new case; or

(D)      an order in the new case may conflict with an order in the earlier litigation.

(2)      "Family cases" include dissolution of marriage, annulment, support unconnected with dissolution of marriage, paternity, child support, UIFSA, custodial care of and access to children, proceedings for temporary or concurrent custody of minor children by extended family, adoption, name change, declaratory judgment actions related to premarital, martial, or postmarital agreements, civil domestic, repeat violence, dating violence, stalking, and sexual violence injunctions, juvenile dependency, termination of parental rights, juvenile delinquency, emancipation of a minor, CINS/FINS, truancy, and modification and enforcement of orders entered in these cases.

(3)      [No Change]

(4)      The notice of related cases shall be filed with the initial pleading by the filing attorney or self-represented petitioner.  The notice shall be

filed in each of the related cases that are currently open and pending with the court and served on all other parties in each of the related cases, and as may be directed by the chief judge or designee.  Parties may file joint notices.  A notice of related cases filed pursuant to this rule is not an appearance.   If any related case is confidential and exempt from public access by law, then a Notice of Confidential Information Within Court Filing as required by Florida Rule of Judicial Administration 2.420 shall accompany the notice.  Parties shall file supplemental notices as related cases become known or reasonably ascertainable.

(5) – (6)　　[No Change]

(7)　　The notice of related cases shall be served on all parties in the related cases, the presiding judges, and the chief judge or family law administrative judge.

**(e)　[No Change]**

**Committee Notes**

[No Change]

**FLORIDA FAMILY LAW RULES OF PROCEDURE**

**RULE 12.003　　COORDINATION OF RELATED FAMILY CASES AND HEARINGS**

**(a)　Assignment to One Judge.**

(1)　All related family cases must be handled before one judge unless impractical.

(2)　If it is impractical for one judge to handle all related family cases, the judges assigned to hear the related cases involving the same family and/or children may confer for the purpose of case management and coordination of the cases.  Notice and communication shall comply with Canon 3.B.(7) of the Code of Judicial Conduct.  The party who filed the notice of related cases or the court may coordinate a case management conference under rule 12.200 between

the parties and the judges hearing the related cases.  In addition to the issues that may be considered, the court shall:

(A)     consolidate as many issues as is practical to be heard by one judge;

(B)     coordinate the progress of the remaining issues to facilitate the resolution of the pending actions and to avoid inconsistent rulings;

(C)     determine the attendance or participation of any minor child in the proceedings if the related cases include a juvenile action; and

(D)     determine the access of the parties to court records if a related case is confidential pursuant to Florida Rule of Judicial Administration 2.420.

**(b)     Joint Hearings or Trials.**

(1)     The court may order joint hearings or trials of any issues in related family cases.

(2)     For joint or coordinated hearings, notice to all parties and to all attorneys of record in each related case shall be provided by the court, the moving party, or other party as ordered by the court, regardless of whether or not the party providing notice is a party in every case number that will be called for hearing.

**RULE 12.004     JUDICIAL ACCESS AND REVIEW OF RELATED FAMILY FILES**

**(a)     In General.**  A judge hearing a family case may access and review the files of any related case either pending or closed, to aid in carrying out his or her adjudicative responsibilities.  Authorized court staff and personnel may also access and review the file of any related case.

**(b)     Family Case Defined.**  For purposes of this rule, a related family case is another pending or closed case separate from the pending case, as defined in Rule of Judicial Administration 2.545(d).

**(c)    Nondisclosure of Confidential Information.**  Judges or authorized court personnel shall not disclose confidential information and documents contained in related case files except in accordance with applicable state and federal confidentiality laws.

**(d)    Notice by Court Staff.**  Authorized court staff may advise the court about the existence of related legal proceedings, the legal issues involved, and administrative information about such cases.

## RULE 12.006    FILING COPIES OF ORDERS IN RELATED FAMILY CASES

The court may file copies of court orders in related family cases involving the same parties. All relevant case numbers should be placed on the order and a separate copy placed in each related case file.

## RULE 12.007    ACCESS AND REVIEW OF RELATED FAMILY FILES BY PARTIES

**(a)    In General.**  Access to confidential files in related cases shall not be granted except as authorized by Florida Rule of Judicial Administration 2.420.

**(b)    Confidentiality of Address.**  When a petitioner for domestic violence injunction requests that his or her address be kept confidential pursuant to section 741.30, Florida Statutes, this information is exempt from the public records provisions of section 119.07(1), Florida Statutes and article I, section 24(a), Florida Constitution, and is a confidential court record under Rule of Judicial Administration 2.420(d).  Persons with authorized access to confidential information shall develop methods to ensure that the address remains confidential as provided by law.

**(c)    Disclosure Prohibited.**  Disclosure by parties of confidential information and documents contained in court files for related family cases, except in accordance with applicable state and federal confidentiality statutes, is prohibited.

# RULE 12.271    CONFIDENTIALITY OF RELATED FAMILY HEARINGS

**(a)    Confidentiality of Coordinated or Joint Hearings.**  When related family cases are coordinated or joint hearings ordered, any hearings or proceedings involving more than one related family case are subject to the applicable state and federal confidentiality statutes pertaining to each case as if heard separately.

**(b)    No Waiver.**  The confidentiality of a case or issue is not waived by coordination or a joint hearing.